®JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF
PETER DEMAIO

**DEFENDANT** DISCOVER FINANCIAL SERVICES, INC. and TRANS UNION, LLC and EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.

(b) County of Residence of First Listed Plaintiff   Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Theodore E. Lorenz, Esq. and Cary L. Flitter, Esq. Lundy, Flitter, Beldecos & Berger, P.C., 450 N. Narberth Avenue, Narberth, PA 19072, (610) 822-0770

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

## IV. NATURE OF SUIT

[x] 480 Consumer Credit

## V. ORIGIN
[x] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1681
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE  DOCKET NUMBER

DATE  12/4/06
SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT    APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 373 Vista Drive, Phoenixville, PA 19460

Address of Defendant: Discover 248 Champman Rd., Newark, DE 19702; Trans Union 2704 Commerce Drive., Harrisburg, PA 17110; Equifax 2704 Commerce Drive, Harrisburg, PA 17110 and Experian 1515 Market St., Suite 1210, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 373 Vista Drive, Phoenixville, PA 19460    *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. §1681

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _Theodore Lorenz_, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: 12/4/06    _____    67795
                   Attorney-at-Law              Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/4/06    _____    67795
CIV.609 (4/03)    Attorney-at-Law              Attorney I.D.

**APPENDIX I**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| PETER DEMAIO | : | |
| | : | CIVIL ACTION |
| V. | : | |
| | : | |
| DISCOVER FINANCIAL SERVICES, | : | |
| INC., TRANS UNION LLC, EQUIFAX | : | NO. |
| INFORMATION SERVICES, LLC AND | : | |
| EXPERIAN INFORMATION SOLUTIONS | : | |
| INC. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)   (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

12/4/06   *[signature]*   PLAINTIFF
**Date**   **Attorney at Law**   **Attorney for**

610-668-0011   610-667-0552   LORENZ@LFBB.COM
**Telephone**   **Fax Number**   **E-Mail Address**
(Civ.660) 10/02

clf\files\demaio-cra's\pleadings\complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER DEMAIO<br>373 Vista Drive<br>Phoenixville, PA 19460<br>　　　　　Plaintiff<br>　　vs.<br><br>DISCOVER FINANCIAL SERVICES, INC.<br>248 Champman Road<br>Newark, DE 19702<br><br>And<br><br>TRANS UNION LLC,<br>c/o The Prentice-Hall Corporation System I<br>2704 Commerce Drive<br>Harrisburg, PA 17110<br><br>And<br><br>EQUIFAX INFORMATION SERVICES, LLC<br>c/o Corporation Service Company<br>2704 Commerce Drive<br>Harrisburg, PA 17110<br><br>And<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.<br>c/o CT Corporation System<br>1515 Market Street, Suite 1210<br>Philadelphia, PA 19102<br>　　　　　Defendants | NO. |

## **COMPLAINT**

### I.   **INTRODUCTION**

　　1.　　This is an action for damages brought by a consumer pursuant to The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

2. The FCRA requires creditors to provide accurate information to credit reporting agencies and to conduct a proper investigation of disputed information. 15 U.S.C. §1681s-2.

3. The FCRA also requires credit reporting agencies to report accurate information and to conduct a proper reinvestigation of disputed information. 15 U.S.C. §1681e(b) and §1681i(a).

## II. JURISDICTION

4. Jurisdiction arises under 15 U.S.C. §1681p, and 28 U.S.C. §1337.

## III. PARTIES

5. Plaintiff is Peter DeMaio. He is a consumer who resides in Phoenixville, Pennsylvania at the address captioned.

6. Defendant, Discover Financial Services, Inc. is a Delaware corporation with a mailing address as captioned (hereinafter referred to as "Discover").

7. Discover regularly engages in business in Pennsylvania and in this district.

8. Discover is a furnisher of information as contemplated in the FCRA, §1681s-2(b).

9. Discover regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with consumer(s).

10. Trans Union LLC ("Trans Union") is a foreign corporation which regularly does business in Pennsylvania and has a principal place of business in this district.

11. Equifax Information Services, LLC ("Equifax") is a foreign corporation which regularly does business in Pennsylvania and has a service address as captioned.

12. Experian Information Solutions, Inc. ("Experian") is a foreign corporation which regularly does business in Pennsylvania and has a service address as captioned.

13. Trans Union, Equifax, and Experian are each a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).

14. Trans Union, Equifax and Experian are collectively referred to as the "Credit Bureaus".

15. Each of the Credit Bureaus regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

16. Each of the Credit Bureaus disburses or provides such consumer reports to third parties, including Discover, under contract for monetary compensation.

## IV. STATEMENT OF CLAIM

17. In late 2004, plaintiff began the process of applying to become a State Farm Insurance Agent in order to operate his own State Farm Insurance Agency (hereinafter "Agency").

18. Plaintiff took and passed State Farm's screening process.

19. Plaintiff became a candidate for an Agency, enabling him to be enrolled in State Farm's agency training program as an agency intern.

20. State Farm pays an intern based on his prior year's income and continues to match that pay, as necessary, to the completion of the internship.

21. Plaintiff planned on completing the training program by early September 2005 and opening an Agency in Bala Cynwyd, Pennsylvania.

22. Plaintiff's father has operated a State Farm Agency in Narberth, Pennsylvania for over for 30 years.

23. Plaintiff had planned to capitalize on the good will established by his father in the abutting community to start up and develop his business in the Bala Cynwyd area.

24. Plaintiff also planned to share certain costs of business with his father, such as advertising, since the two agencies would be geographically close to one another.

25. Plaintiff's plans were derailed on January 27, 2005, when he was removed as an Agency candidate.

26. While attending an agency career seminar, a State Farm representative advised plaintiff that because of an unacceptable level of negative credit reporting, he was being removed from the agency program.

27. A State Farm agent candidate can only have a certain amount of adverse credit history before being dropped from the program.

28. Defendant Discover reported to the Credit Bureaus that plaintiff was late in making certain payments. Discover's reporting was false and inaccurate, and significantly contributed to the unacceptable level of negative credit reporting appearing on plaintiff's credit report.

29. In late January 2005, plaintiff wrote to the Credit Bureaus disputing Discover's false and inaccurate reporting, requesting a reinvestigation, and requesting that the inaccurate reporting be deleted.

30. Plaintiff wrote to Discover advising that it incorrectly reported several payments as late and requesting that it correct its reporting to the Credit Bureaus.

31. On March 7, 2005, plaintiff wrote again to each of the Credit Bureaus disputing Discover's reporting and asking that it be reinvestigated and corrected.

32. Plaintiff, either directly or through his counsel, contacted Discover several more times throughout the Spring 2005 to dispute the inaccurate reporting and requesting that it be corrected.

33. Discover, instead of correcting the inaccurate reporting, re-verified it.

34. As of June 13, 2005, plaintiff was still being reported as a late pay on the Discover account.

35. It was not until the end of July 2005, that each of the Credit Bureaus corrected the previously false and inaccurate credit reporting.

36. It was not until late August 2005 that Discover finally notified plaintiff that it had requested the credit bureaus to delete the negative credit reporting.

37. At all times relevant hereto, Discover knew or should have known that it was reporting false and derogatory information about plaintiff.

38. Pursuant to 15 U.S.C. §1681s-2(b), a furnisher of information has a duty upon notice of dispute to conduct an investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency. The investigation must be done reasonably and adequately.

39. Discover failed to conduct a reasonable and adequate investigation.

40. Under the FCRA, the Credit Bureaus are required to report accurate information and to conduct a proper investigation of disputed information. 15 U.S.C. §1681e(b) and §1681i(a).

41. Each of the Credit Bureaus failed to conduct a reasonable and adequate investigation into plaintiff's disputed credit reporting and continued to report false and inaccurate information to any potential employer or credit grantor who accessed plaintiff's credit report.

42. The Credit Bureaus simply parroted the information provided by Discover back to the third parties through their credit reporting databases.

43. As a result of each defendant's willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

44. As a result of the false and derogatory information reported by defendants, plaintiff was delayed entering and completing State Farm's agency training program at substantial loss of income.

45. Plaintiff lost the benefit of opening an agency in Bala Cynwyd, Pennsylavnia to take advantage of his father's good will and to share business expenses.

46. Plaintiff lost income and was required to relocate to Arizona to maintain his existing job while working to correct the false and inaccurate credit reporting by defendants.

47. Plaintiff has suffered mental and emotional distress, worry, humiliation, and embarrassment as a result of defendants' actions.

48. Plaintiff has suffered pecuniary loss, been denied credit, and expended significant time and effort trying to address his credit report.

**COUNT I - FAIR CREDIT REPORTING ACT**
**(V. DISCOVER FINANCIAL SERVICES, INC.)**

49. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

50. Discover has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate plaintiff's dispute and by failing to correctly report results of an accurate investigation to each of the Credit Bureaus.

51. Discover has violated the Fair Credit Reporting Act by willfully and/or negligently reporting false credit information about plaintiff.

**WHEREFORE**, Plaintiff, Peter DeMaio demands judgment against defendant Discover Financial Services, Inc. for:

    (a)    Actual and compensatory Damages;

    (b)    Punitive damages;

    (c)    Attorney's fees and costs; and

    (d)    Such other and further relief as the Court shall deem just and proper.

### COUNT II - FAIR CREDIT REPORTING ACT
### (V. TRANS UNION)

52. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

53. In the entire course of its action, Trans Union willfully and/or negligently violated the provisions of the FCRA in the following respects:

    (a)    by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

    (b)    by willfully and/or negligently failing to comport with FCRA section 1681i.

WHEREFORE, Plaintiff, Peter DeMaio demands judgment against defendant Trans Union for:

    (a)    Actual and compensatory Damages;

    (b)    Punitive damages;

    (c)    Attorney's fees and costs; and

    (d)    Such other and further relief as the Court shall deem just and proper.

### COUNT III - FAIR CREDIT REPORTING ACT
### (V. EQUIFAX)

54.    Plaintiff repeats the allegations contained above as if the same were here set forth at length.

55.    In the entire course of its action, Equifax willfully and/or negligently violated the provisions of the FCRA in the following respects:

    (a)    by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

    (b)    by willfully and/or negligently failing to comport with FCRA section 1681i.

WHEREFORE, Plaintiff, Peter DeMaio demands judgment against defendant Equifax for:

    (a)    Actual and compensatory Damages;

    (b)    Punitive damages;

    (c)    Attorney's fees and costs; and

    (d)    Such other and further relief as the Court shall deem just and proper

## COUNT IV - FAIR CREDIT REPORTING ACT
### (V. EXPERIAN)

56. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

57. In the entire course of its action, Experian willfully and/or negligently violated the provisions of the FCRA in the following respects:

   (a) willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

   (b) willfully and/or negligently failing to comport with FCRA section 1681i.

**WHEREFORE**, Plaintiff, Peter DeMaio demands judgment against defendant Experian for:

   (a) Actual and compensatory Damages;

   (b) Punitive damages;

   (c) Attorney's fees and costs; and

   (d) Such other and further relief as the Court shall deem just and proper

## V.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 12/04/06

*/s/ Cary Flitter  (CLF 5997)*
CARY L. FLITTER
THEODORE E. LORENZ
Attorneys for Plaintiff
LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0781

9